Filed 7/10/13  P. v. Taylor CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F065026 |
| Plaintiff and Respondent, | (Super. Ct. No. RF006255A) |
| v. | |
| MARK ERNEST TAYLOR, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Detjen, J.

This appeal contests only the amount of the accounts receivable fee imposed by the judgment. Respondent concedes the fee should be $30, not the $45 fee stated by the court. We agree; we modify and affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

As part of a negotiated plea, defendant and appellant Mark Ernest Taylor pled no contest to one count of possession of a controlled substance. (See Health & Saf. Code, § 11377, subd. (a).) Defendant also admitted a violation of the terms of postrelease supervision in an unrelated case. The court imposed an operative prison sentence of 16 months in county jail. The court imposed various fines and fees including, as relevant here, a $45 fee under Penal Code section 1205, subdivision (d) as it then existed. (The operative section is now Pen. Code, § 1205, subd. (e).) The fee seeks to recover the administrative and clerical costs of receiving payment of other fees and fines. However, under both former subdivision (d) and current subdivision (e), the maximum fee is set at $30. (See Pen. Code, § 1205, subd. (e).)

**DISCUSSION**

Defendant contends, and respondent concedes, the accounts receivable fee may not exceed $30. Defendant further contends, and respondent concedes, a sentence inappropriately imposing a higher fee is unauthorized and may be corrected at any time, even though no objection was made in the trial court. (See *People v. Welch* (1993) 5 Cal.4th 228, 235.) We agree. Accordingly, we will modify the sentence in this case to strike the $45 fee imposed pursuant to Penal Code section 1205, subdivision (d) and to impose instead a $30 accounts receivable fee pursuant to Penal Code section 1205, subdivision (d) as it existed on the date of sentencing, May 23, 2012.

**DISPOSITION**

The judgment set forth in the minute order of May 23, 2012, as amended by the minute order dated October 2, 2012, is modified by striking the accounts receivable fee of

2.

$45 and imposing an accounts receivable fee under Penal Code section 1205, subdivision (d) in the amount of $30. As amended, the judgment is affirmed.